**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1159**

---

LOURDES LIZETH CRUZ-ALTAMIRANO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: May 20, 2026                    Decided: June 23, 2026

---

Before NIEMEYER and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Petition for review denied by unpublished per curiam opinion.

---

**ON BRIEF:** Manuel Rivera, Arlington, Virginia, for Petitioner. Brian A. Shumate, Assistant Attorney General, Jennifer Levings, Assistant Director, Sharon M. Clay, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lourdes Lizeth Cruz-Altamirano, a native and citizen of Honduras, petitions for review of the February 2025 Order of the Board of Immigration Appeals upholding the immigration judge's March 2019 denial of Cruz-Altamirano's application seeking asylum under § 208 of the Immigration and Nationality Act (the "INA"), *see* 8 U.S.C. § 1158; withholding of removal under § 241(b)(3) of the INA, *see* 18 U.S.C. § 1231(b)(3); and protection under the Convention Against Torture (the "CAT"). By its Order, the BIA affirmed the immigration judge's adverse credibility determination pertaining to Cruz-Altamirano's testimony, and otherwise sustained the denial of protection under the CAT, given the lack of credible testimony by Cruz-Altamirano and country condition evidence.

Relevant here, pursuant to the INA, the Attorney General may confer asylum on a "refugee," which is defined as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. § 1101(a)(42)(A). "The asylum-seeker bears the burden of demonstrating her refugee status," and must demonstrate a well-founded fear of persecution on account of a protected ground because of a threat by the government or by an organization the government is unable or unwilling to control. *See Velasquez v. Sessions*, 866 F.3d 188, 193-94 (4th Cir. 2017). For its part, "withholding of removal covers a narrower . . . set of circumstances than asylum," and it requires the applicant to "demonstrate a clear probability of persecution." *See Yi Ni v. Holder*, 613 F.3d 415, 427 (4th Cir. 2010) (citation modified).

2

Because of the higher evidentiary threshold, "an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal." *Id.* (citation modified).

Meanwhile, "[t]o succeed on a CAT claim, an applicant must show that it is more likely than not that he or she would be tortured in the country of removal." *See Herrera-Martinez v. Garland*, 22 F.4th 173, 185 (4th Cir. 2022) (citation modified). As our Court has explained, "[t]orture is (1) any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person in a manner that is (2) by or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* Furthermore, "[b]ecause there is no subjective component for granting relief under the CAT, [an] adverse credibility determination . . . [does] not necessarily defeat [an applicant's] CAT claim." *See Camara v. Ashcroft*, 378 F.3d 361, 371 (4th Cir. 2004).

In light of the foregoing, as to Cruz-Altamirano's challenge to the agency's denial of her applications for asylum and withholding of removal, we are obliged to uphold those decisions to deny relief unless it is "manifestly contrary to the law and an abuse of discretion." *See* 8 U.S.C. § 1252(b)(4)(D). To that end, we review the agency's findings of fact for "substantial evidence," which is a "narrow and deferential" review, *see Djadjou v. Holder*, 662 F.3d 265, 273 (4th Cir. 2011), pursuant to which the agency's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude

3

to the contrary," *see* 8 U.S.C. § 1252(b)(4)(B).  Additionally, we review any legal issues under the de novo standard.  *See Marynenka v. Holder*, 592 F.3d 594, 600 (4th Cir. 2010).[*]

As for Cruz-Altamirano's challenge to the agency's denial of her request for protection under the CAT, "our standard of review is deferential to the BIA," and we review the denial of a petitioner's claim for substantial evidence.  *See Mulyani v. Holder*, 771 F.3d 190, 200 (4th Cir. 2014); *Munyakazi v. Lynch*, 829 F.3d 291, 298 (4th Cir. 2016).  Accordingly, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude" otherwise.  *See* 8 U.S.C. § 1252(b)(4)(B).

In these circumstances, we have thoroughly reviewed the administrative record and Cruz-Altamirano's claims — along with the appellate submissions of the parties — and conclude that the evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief, *see, e.g.*, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).  Accordingly, we are content to deny Cruz-Altamirano's petition for review.  Furthermore, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court, and because an argument would not aid the decisional process.

*PETITION FOR REVIEW DENIED*

---

[*] We observe that the agency's "adverse credibility finding is also subject to the substantial evidence standard." *See Munyakazi v. Lynch*, 829 F.3d 291, 298 (4th Cir. 2016). To that end, "[w]e uphold an adverse credibility determination if the agency provides specific, cogent reasons that go to the heart of [the] claim for relief." *Id.* "[O]missions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination." *Id.* (citation modified).

4